IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. OAKLEY, II,

    Petitioner,      No. CIV S-02-1205 WBS JFM P

  vs.

M.C. KRAMER, Warden,

    Respondent.      FINDINGS AND RECOMMENDATIONS

                           /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On June 16, 1999, petitioner pled guilty to the following: (1) felon in possession of a firearm in violation of California Penal Code § 12021(a)(1); (2) possession of methamphetamine for the purpose of sale in violation of California Health and Safety Code § 11378. (CT 267-74.) In addition, petitioner admitted he was previously convicted of a prior serious or violent felony within the meaning of California Penal Code §§ 667(b)-(i) and 1170.12. (CT at 273.)[1] On September 24, 1999, petitioner was sentenced to five years, four months. (CT at 318-21.) Petitioner challenges his sentence on four separate grounds.

FACTS[2]

---

[1] Counts of receiving stolen property, unlawful use of an access card, vehicle theft and dissuading a witness, as well as a serious felony allegation, were dismissed with a Harvey waiver pursuant to People v. Harvey, 25 Cal.3d 754 (1979). People v. Oakley, C034100 (July 31, 2000) (appended as Ex. A to respondent's answer filed March 5, 2003).

[2] The facts are taken from the September 24, 1999, probation report.

1

On March 20, 1998, Bruce B. claimed that petitioner and Richard Olivia assaulted and robbed him. (CT at 277.) Bruce B. told investigators that his assailants were involved in the sale of drugs. (CT at 277.) Petitioner claimed that he had picked up Bruce B.'s wallet as he was trying to break up a fight between Olivia and Bruce B. (CT at 278.) Petitioner denied any involvement in any robbery attempt. (CT at 278.) Petitioner claimed he did not realize until later that it was not his own wallet. (CT at 278.)

On March 25, 1998, a search warrant was served at petitioner's residence. (CT at 278.) Law enforcement officers found, *inter alia*, two firearms and 33.63 grams of methamphetamine inside the residence. (CT at 280-82.) The estimated street value of the methamphetamine was $3,360.00. (CT at 282.)

On June 22, 1998, at the preliminary hearing, Bruce B. gave contradictory testimony. (CT at 278.) Petitioner was not held to answer on the robbery charge because the court found Bruce B. was not a credible witness.[3] (CT at 278.)

ANALYSIS

I. General Standards

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[3] "The Court finds as to Count One that the named victim, Bruce Barron, Jr., is so inherently uncredible [sic] that the Court is just disinclined to issue a holding order as to that count. As to all other counts, it appears to the Court that the charged offenses have been committed and there is sufficient cause to believe the named defendants guilty thereof. They are ordered held to answer." (CT at 255 (RT 226).)

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

In his first and fourth claims, petitioner challenges the search warrant issued prior to his arrest, claiming the affidavit in support of the search warrant was false and that the law enforcement officers exceeded the scope of the search warrant in their search. Petitioner also alleges ineffective assistance of counsel and prosecutorial misconduct in his second and third claims, respectively.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant may "attack the voluntary and intelligent character of the guilty plea" but only by showing that he received constitutionally ineffective assistance of counsel in connection with entry of the plea. Id.(citing McMann v. Richardson, 397 U.S. 759, 771 (1970).

The United States Supreme Court has enunciated the standard for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that, considering all the circumstances, his counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range professionally competent assistance. Id. at 690. "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" Kimmelman v. Morrison, 477 U.S. 365, 381 (1986), quoting Strickland, 466 U.S. at 689.

Additionally, a defendant must affirmatively prove prejudice. Strickland, 466 U.S. at 692. In the context of a guilty plea, prejudice is found where "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Hill, the Supreme Court explained that

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, ... where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime

/////

> charged, the resolution of the prejudice inquiry will depend largely
> on whether the affirmative defense likely would have succeeded at trial.

Id. at 59.

In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the plea proceeding record when the plea is subsequently challenged in a collateral proceeding. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea,

> constitute a formidable barrier in subsequent collateral
> proceedings. Solemn declarations in open court carry a strong
> presumption of verity. The subsequent presentation of conclusory
> allegations unsupported by specifics is subject to summary
> dismissal . . . .

Id. at 74.

In petitioner's first and fourth claims, petitioner claims the search warrant was defective because it was based upon willfully false statements and contends the ensuing search exceeded the scope of the search warrant.[4] These claims arose prior to and are independent from petitioner's guilty plea. Claims one and four are therefore precluded by the rule announced in Tollett.

Similarly, petitioner's fourth claim alleging prosecutorial misconduct based on the prosecution's alleged failure to disclose a witnesses' false testimony in support of the search warrant affidavit is also barred by the entry of his guilty plea and Tollett. To the extent petitioner challenges the constitutionality of the affidavit supporting the search warrant, his claim is barred by Stone v. Powell, 427 U.S. at 494-95. To the extent petitioner claims this evidence was exculpatory in nature and should have been disclosed by the prosecution pursuant to Brady v.

---

[4] These claims would also be barred because petitioner had a full and fair opportunity to move to suppress evidence obtained by this search warrant under California Penal Code Section 1538.5. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).

Maryland, 373 U.S. 83 (1963), this claim has been waived because petitioner did not challenge the voluntariness of his guilty plea.  See Tollett, 411 U.S. at 267; Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir. 1995).

However, even if this court could reach the substance of petitioner's Brady claim, it would fail.  "The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady v. Maryland, 373 U.S. 83, 87 (1963).  The duty to disclose such evidence is applicable even though there has been no request by the accused, United States v. Agurs, 427 U.S. 97, 107 (1976), and encompasses impeachment evidence as well as exculpatory evidence.  United States v. Bagley, 473 U.S. 667, 676 (1985).  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Id. at 682.

Here, petitioner's claim of false testimony is too vague to state a federal constitutional claim.  He provides no factual or legal support, and does not explain the specifics of the alleged false statements or show the false statements affected his guilty plea.  Petitioner has failed to demonstrate how the prosecution's non-disclosure of a witnesses' credibility in support of a search warrant in a separate robbery case would have provided petitioner favorable evidence in the instant drug and weapon case.  His conclusory allegations do not warrant relief. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")).

Petitioner has also failed to demonstrate that the prosecution knowingly used a false statement.  See Murtishaw v. Woodford, 255 F.3d 926 (9th Cir. 2001).  Mere speculation is insufficient to demonstrate the prosecution knowingly used false or perjured testimony.  United States v. Aichele, 941 F.2d 761, 766 (9th Cir. 1991).  Finally, petitioner has failed to demonstrate prejudice by the alleged nondisclosure.  Thus, petitioner's fourth claim must also fail.

Petitioner's second claim is that he was denied effective assistance of counsel because counsel failed to file a motion to suppress evidence, failed to file a motion pursuant to California Penal Code Section 995, failed to research the search warrant, and refused to file any motions on petitioner's behalf. (Pet. at 5.)[5] Petitioner does not, however, contest the voluntary and intelligent nature of his guilty plea. Thus, respondent is correct that petitioner has waived his second claim under Tollett, 411 U.S. at 267.

However, even assuming, arguendo, petitioner had challenged the voluntariness of his plea based on the ineffective assistance of counsel, his claim would fail. As noted above, petitioner must demonstrate that (a) his counsel's performance fell below an objective standard of reasonableness; and (b) but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Strickland, 466 U.S. at 688; Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

The Sacramento County Superior Court appropriately applied the Strickland test and found petitioner's ineffective assistance of counsel claims to be conclusory and unpersuasive. (Answer, Ex. B, at 2.) The Court found petitioner failed to establish trial counsel would have made a different recommendation as the plea. (Id.)

Here, petitioner has similarly failed to establish either that his trial counsel's representation was objectively unreasonable or that there is a reasonable probability that the outcome of the proceedings against him would have been any different had counsel taken the steps petitioner suggests. Specifically, petitioner has failed to demonstrate that a motion to suppress or a motion under California Penal Code Section 995 would have been granted. Petitioner has failed to present any specific evidence of what further research might have

---

[5] In his traverse, petitioner raises additional claims of ineffective assistance of counsel. (Traverse at 9.) However, a traverse is not the proper pleading to raise additional grounds for relief. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507-08 (9th Cir.1995). In general, claims not raised in the petition are not cognizable on appeal. See United States v. Allen, 157 F.3d 661, 667 (9th Cir.1998) (citing Cacoperdo, 37 F.3d at 507).

disclosed, or what other motions counsel might have pressed to petitioner's benefit.  Petitioner has failed to establish that, had counsel's performance been different, there is a reasonable likelihood that he would have chosen to proceed to trial rather than accept the plea offer. Because petitioner sustained a prior voluntary manslaughter conviction, and was facing eleven felony counts, it would be difficult for petitioner to demonstrate he would have opted for the risk of trial.[6]  Thus, petitioner's second claim must also fail.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2005.

UNITED STATES MAGISTRATE JUDGE

001
oakl1205.157

---

[6] Respondent calculated the worst case scenario petitioner would have faced at trial was a maximum sentence of 19 years, 4 months.  (Answer, at 13, n.7.)  Petitioner was subsequently sentenced to 5 years, 4 months.  (CT 318-21.)