IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. OAKLEY, II, | No. 2:02-cv-1205-MCE-JFM-P |
| Petitioner, | |
| v. | ORDER |
| M.C. KRAMER, Warden, | |
| Respondent. | |
| _____/ | |

  Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 7, 2005, judgment was entered in this court denying the petition. On August 29, 2006, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

///

///

///

1

1     The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>,
2 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following
3 entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's notice of appeal in this
4 action was filed more than thirty days after entry of judgment.
5     The United States Court of Appeals for the Ninth Circuit has held that the issuance of a
6 certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is
7 not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of
8 <u>Hayward</u> applies with equal force to a certificate of appealability. For these reasons, the court
9 declines to issue a certificate of appealability.
10     IT IS SO ORDERED.
11 DATED: September 18, 2006

                                      _____
                                        MORRISON C. ENGLAND, JR
                                        UNITED STATES DISTRICT JUDGE